**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

EDDIE A. POINDEXTER, JR.,                                                                    PLAINTIFF
ADC # 121353

v.                                           3:22CV00323-DPM-JTK

FOSTER, et al.                                                                              DEFENDANTS

**<u>ORDER</u>**

Eddie A. Poindexter, Jr. ("Plaintiff") is in custody at the Tucker Unit of the Arkansas

Division of Correction.   He filed a <u>pro se</u> complaint, pursuant to 42 U.S.C. § 1983 and a Motion

to Proceed <u>In Forma Pauperis</u>, which was granted.   (Doc. Nos. 1-1, 2-1, 7).   The Court will now

screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA").

**I.        Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a

governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a

complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or

malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief

from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke v.</u>

<u>Williams</u>, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing

<u>pro se</u>, his complaint must allege specific facts sufficient to state a claim.   <u>See Martin v. Sargent</u>,

780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face."   <u>Bell Atlantic Corp. v. Twombly</u>, 550

U.S. 544, 570 (2007).   In reviewing a <u>pro se</u> complaint under § 1915(e)(2)(B), the Court must

give the complaint the benefit of a liberal construction.   <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

## II.   Plaintiff's Complaint

Plaintiff's claims arise from the time when he was incarcerated at the North Central Unit of the Arkansas Division of Correction.   Plaintiff sued Captain Foster, Sergeant Gary Queen, and Captain C. Brandon in their official capacities only.   (Doc. No. 2-1 at 1-2).   Plaintiff alleges that on or around December 1, 2022, inmate Willie Ester falsely accused Plaintiff of taking "a drug called K-2 strips" from a trashcan in 8 barracks.   (<u>Id</u>. at 4).   Plaintiff says inmate Ester and inmate D. Love threatened Plaintiff's life if he did not pay for the drug.   (<u>Id</u>. at 4, 7).   Inmate Ester allegedly told Plaintiff he would "stab the Plaintiff first chance he gets to do so."   (<u>Id</u>. at 7).   Plaintiff then called the Arkansas State Troopers Crime Tip Hotline and approached the control security booth to tell the correctional officer that he did not feel safe in 8 barracks.   (<u>Id</u>. at 8).

Plaintiff was taken to the security office where Defendant Queen notified Defendant Foster of the situation.   (<u>Id</u>. at 9-10).   Defendant Foster advised Plaintiff to write a witness statement, but Defendant Queen prevented Plaintiff from doing so and moved Plaintiff to 7 barracks.   (Doc. No. 2-1 at 10).   An investigation into the matter began.   (<u>Id</u>.).   According to Plaintiff, Defendants Foster and Brandon interviewed numerous other inmates, but each inmate interviewed "gave vague false information about the Plaintiff obtaining the K-2 drugs out of the 8 bks bottom tier trashcan."   (<u>Id</u>. at 6).

On December 6, 2022, Plaintiff told a correctional officer that Plaintiff did not feel safe in 7 barracks.   (<u>Id</u>. at 10-11).   Plaintiff was advised to go to the security office, which he did; Plaintiff explained to a Sergeant Colbert—not a party to this action—that he wanted to be placed

in protective custody immediately.   (Id. at 11).   Plaintiff's request was granted, and he was put in protective custody.   (Id.).   Inmate Ester, however, was just a few cells down from Plaintiff. (Doc. No. 2-1 at 11).   And on December 13, 2022, Defendant Brandon and a Major Rogers—not a party to this action—advised inmate Love that Plaintiff was in protective custody in cell 10.   (Id. at 12).   Plaintiff says he continued to receive threats from inmates Love and Ester.   (Id. at 13). Plaintiff requested inmates Love and Ester be placed on Plaintiff's enemy alert list, but "North Central Correctional ADC employees failed to do so."   (Id.).   Plaintiff alleges Warden Ricketts and Warden Gray told Plaintiff the matter is under investigation, but "failed to take other safety measures by not transferring the Plaintiff . . . away from both inmates."   (Id. at 14).   Neither Warden Ricketts nor Warden Gray are named Defendants.   (Id. at 1-2).

Plaintiff submitted a Unit Level Grievance regarding this matter on December 6, 2022, and says the grievance is still pending.   (Doc. No. 2-1 at 4, 18).

Plaintiff seeks "appropriate actions as this court deems fit."   (Id. at 5).

As explained below, Plaintiff's Complaint as currently pled fails to state a claim on which relief may be granted.   Plaintiff will be given the opportunity to file a superseding Amended Complaint to cure the defects in his pleading.

## III.   Analysis

Plaintiff brought suit under 42 U.S.C. § 1983.   "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."   Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing

3

Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).   Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.   See Iqbal, 556 U.S. at 678.

Plaintiff alleges failure to protect.   A failure to protect claim is composed of two elements. First, the claimant must demonstrate that his conditions of incarceration posed a substantial risk of serious harm.   Farmer v. Brennan, 511 U.S. 825, 834 (1994).   Second, the claimant must demonstrate that the defendant prison official knew of and disregarded the risk to his safety.   Id. at 837.   The second prong requires a finding that the defendant was deliberately indifferent.   See Whitson v. Stone County Jail, 602 F.3d 920, 923 (8th Cir. 2010) (in analyzing failure to protect claims "the subjective inquiry regarding an official's state of mind is one of deliberate indifference to inmate health or safety.")   Deliberate indifference is akin to criminal recklessness.   See Olson v. Bloomberg, 339 F.3d 730, 736 (8th Cir. 2003).

### A.    Defendant Foster

Plaintiff alleges Defendant Foster advised Plaintiff to write a witness statement, and interviewed numerous witnesses.   (Doc. No. 2-1 at 6, 9-10).   These allegations do not indicate deliberate indifference on Defendant Foster's part.   Accordingly, Plaintiff's claims against Defendant Foster fail.

### B.    Defendant Queen

Plaintiff alleges Defendant Queen prevented Plaintiff from writing a witness statement and moved Plaintiff to 7 barracks.   (Doc. No. 2-1 at 10).   Again, these allegations do not indicate deliberate indifference.   Rather, Plaintiff's allegations indicate that Defendant Queen took action after the threats to Plaintiff's life by moving Plaintiff to 7 barracks from 8 barracks.

### C.    Defendant Brandon

Plaintiff alleges defendant Brandon advised inmate Love that Plaintiff was in protective custody in cell 10.   (Doc. No. 2-1 at 12).   This allegation is sufficient to allege failure to protect. The Court, however, is unclear of the relief Plaintiff seeks.   Plaintiff asks for "appropriate actions as this court deems fit."   (Id. at 5).   Based on other language in Plaintiff's Complaint, it appears Plaintiff sought the relief of being moved away from inmates Ester and Love—Plaintiff complained that Warden Ricketts and Warden Gray "failed to take other safety measures by not transferring the Plaintiff . . . away from both inmates."   (Id. at 14).

"[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions."   Owens v. Mallinger, 363 F. App'x 427 (8th Cir. 2010) (citing Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985)).   After Plaintiff filed his Complaint, he was transferred to the Tucker Unit of the ADC.   (Doc. No. 3).   Because Plaintiff has already been transferred, his request for injunctive relief appears to be moot.   As such, Plaintiff's claims against Defendant Brandon fail.

### D.    Additional Allegations

Plaintiff alleged Wardens Ricketts and Gray failed to transfer Plaintiff, but neither individual is named as a Defendant.   Plaintiff also alleges "North Central Correctional ADC employees" failed to add inmates Love and Ester to Plaintiff's enemy alert list.   If Plaintiff chooses to file a superseding Amended Complaint, he should name as a Defendant each individual he wishes to sue in this action.   Plaintiff should also provide the name of any Defendant he sues.

### E.    Exhaustion

Plaintiff submitted a Unit Level Grievance on December 6, 2022, and says the grievance is still pending.   (Doc. No. 2-1 at 4, 18).

According to the Prison Litigation Reform Act ("PLRA"),

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).   In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'"   229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).   In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).   Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

Failure to exhaust is an affirmative defense.   But when it is apparent from the face of the complaint that a plaintiff has failed to exhaust his administrative remedies, the court may dismiss the pleading for failure to state a claim.   Jones v. Bock, 549 U.S. 199, 214-15 (2007).   Such is

the case here—Plaintiff explained in his Complaint that his grievance is still pending.

Based on Plaintiff's allegations, Plaintiff did not exhaust his administrative remedies before he filed this action.   As such, Plaintiff's claims are subject to dismissal.

### E.    Superseding Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above.   If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing.   Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.[1]   Only claims properly set out in the Amended Complaint will be allowed to proceed.   Therefore, Plaintiff's Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible;   3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I will recommend that his Original Complaint be dismissed.   See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2). [2]

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

[2] The Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states, in part: "If any communication from the Court to a

**IV.    Conclusion**

IT IS, THEREFORE, ORDERED that:

1.      If Plaintiff wishes to submit an Amended Complaint for the Court's review, he shall file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order.   If Plaintiff does not submit an Amended Complaint, I may recommend that his Original Complaint be dismissed.   See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

2.      The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 5th day of January, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

pro se Plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

If at some stage in the litigation of this action, Plaintiff decides not to continue to prosecute this action, Plaintiff should notify the Court in the form of a motion for a voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure.

In addition, if Plaintiff has not completely exhausted his administrative remedies with respect to all his claims, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, he may file a motion to dismiss his unexhausted claims.