IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

EDDIE A. POINDEXTER, JR.,                                                                                    PLAINTIFF
ADC # 121353

v.                                       3:22CV00323-DPM-JTK

FOSTER, et al.                                                                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.    Introduction**

Eddie A. Poindexter, Jr. ("Plaintiff") is in custody at the Tucker Unit of the Arkansas Division of Correction. He filed a pro se complaint, pursuant to 42 U.S.C. § 1983 and a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1-1, 2-1, 7). The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted. (Doc. No. 8). Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading. (Id.) The Court cautioned Plaintiff that "an Amended Complaint renders his original Complaint without

legal effect," and provided detailed instruction about what any Amended Complaint should include.  (Id. at 7).

Plaintiff filed his Amended Complaint on January 25, 2023. (Doc. No. 11).  Plaintiff's Amended Complaint makes claims that are substantially the same as the claims in his original Complaint.  (Doc. No. 2-1; Doc. No. 11).  As explained below, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted.  Accordingly, the Court recommends Plaintiff's Amended Complaint be dismissed without prejudice.

**II.   Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Plaintiff's Amended Complaint

Plaintiff's claims arise from the time when he was incarcerated at the North Central Unit of the Arkansas Division of Correction. Plaintiff sued Captain Foster, Sergeant Gary Queen, Captain C. Brandon, Major Rogers, and Warden M. Gray in their official capacities only. (Doc. No. 11 at 1-2). Plaintiff alleges that on or around December 1, 2022, inmate Willie Ester falsely accused Plaintiff of taking "a drug called K-2 strips" from a trashcan in 8 barracks. (Id. at 4). Plaintiff says inmate Ester and inmate D. Love threatened Plaintiff's life if he did not pay for the drug. (Id. at 6-7, 8). Inmate Ester allegedly told Plaintiff he would "stab the Plaintiff first chance he gets to do so." (Id. at 6). Plaintiff then called the Arkansas State Troopers Crime Tip Hotline and approached the control security booth to tell the correctional officer that he did not feel safe in 8 barracks. (Id.).

Plaintiff was taken to the security office where Defendant Queen notified Defendant Foster of the situation. (Id. at 7). Plaintiff was advised to write a witness statement, but Defendant Queen prevented Plaintiff from doing so and moved Plaintiff to 7 barracks. (Doc. No. 11 at 7). An investigation into the matter began. (Id.). According to Plaintiff, Defendants Foster and Brandon interviewed numerous other inmates, but each inmate interviewed "gave vague false information about the Plaintiff obtaining the K-2 drugs out of the 8 bks bottom tier trashcan." (Id. at 6).

On December 6, 2022, Plaintiff told a correctional officer that Plaintiff did not feel safe in 7 barracks. (Id. at 7). Plaintiff was advised to go to the security office, which he did; Plaintiff explained to a Sergeant Colbert—not a party to this action—that he wanted to be placed in protective custody immediately. (Id. at 7-8). Plaintiff's request was granted, and he was put in protective custody. (Id. at 8). Inmate Ester, however, was just a few cells down from Plaintiff.

(Doc. No. 11 at 8).  And on December 13, 2022, Defendants Brandon and Rogers advised inmate Love that Plaintiff was in protective custody in cell 10.  (Id.).  Plaintiff says he continued to receive threats from inmates Love and Ester.  (Id.).  Defendant Foster told Plaintiff that he could return to general population "and deal with whatever it is," but Plaintiff refused to do so.  (Id.).  Plaintiff was transferred to the Tucker Unit on December 17, 2022.  (Id. at 8).

Plaintiff says he submitted a unit level grievance about his safety, but in retaliation, Plaintiff could not proceed to the second step because his unit level grievance was never returned.  (Id. at 9).  According to Plaintiff, Defendant Gray refused to sign the unit level grievance.  (Doc. No. 11 at 10).  Because Plaintiff noted on his Amended Complaint that he did not exhaust the grievance procedure, it appears the unit level grievance in question was regarding the failure to protect alleged in this case.  (Id. at 3, 9-10).

Plaintiff seeks "all damages or any punitive damages that he is entitled to under [the] 11th Amdt."  (Id. at 5).

As explained below, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted.

## IV.  Analysis

Plaintiff brought suit under 42 U.S.C. § 1983; he sued Defendants in their official capacities seeking damages only.  (Doc. No. 11 at 2, 5).

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."  Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).  Accordingly, Plaintiff's official capacity claims against Defendants are the equivalent of claims against the state of Arkansas.  But "[t]he State of Arkansas did not waive its immunity, nor did Congress abrogate that immunity when it enacted § 1983.  McCoy v.

Carter-Jones Timber Co., 352 F. App'x 119, 121 (8th Cir. 2009).  Accordingly, Plaintiff's claims are barred by Eleventh Amendment.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  The Court notes that Plaintiff does not ask for injunctive relief.  And, Plaintiff is no longer housed in the North Central Unit where the alleged failure to protect took place.

**V.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 27th day of January, 2023

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."